# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF ALABAMA

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |

| LEE WINSTON SCOTT | Case No. | 1:10cr236-SRW-01 |
|---|---|---|
| | USM No. | 13981-002 |

Matt Schulz
Defendant's Attorney

**THE DEFENDANT:**

X   admitted guilt to violation of condition(s)     1, 2 and 3     of the term of supervision.

☐   was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to participate in the home confinement program | 04/23/2012 |
| 2 | Failure to refrain from the use and/or possession of alcoholic beverages | 04/23/1012 |
| 3 | Failure to refrain from entering place where the sale of alcoholic beverages is the primary source of revenue | 04/19/2012 |

The defendant is sentenced as provided in pages 2 through   4   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   2727

Defendant's Year of Birth:   1950

City and State of Defendant's Residence:
Enterprise, Alabama

April 30, 2012
Date of Imposition of Judgment

Signature of Judge

Susan Russ Walker, Chief United States Magistrate Judge
Name and Title of Judge

May 1, 2012
Date

DEFENDANT: LEE WINSTON SCOTT
CASE NUMBER: 1:10cr236-SRW-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :
30 days.
It is ORDERED that the term of probation imposed on September 20, 2011, is REVOKED.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:      LEE WINSTON SCOTT
CASE NUMBER:    1:10cr236-SRW-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
1 Year

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LEE WINSTON SCOTT
CASE NUMBER: 1:10cr236-SRW-01

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include alcohol testing/monitoring to determine whether he has reverted to the use of alcohol or drugs. The defendant shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

The defendant shall refrain from the use and/or possession of any alcoholic beverage. The defendant shall be subject to remote alcohol monitoring by the probation office. This remote alcohol monitoring shall remain in effect for the entire time of the defendant's supervision. The probation office is authorized to use all available technology to monitor the defendant's compliance with the alcohol restriction condition and may change monitoring methods at their discretion. The defendant shall contribute to the cost of any monitoring in accordance with his ability to pay as determined by the U. S. Probation Officer.

The defendant shall reside at the Herring Houses of Dothan, 101 North Herring Street, Dothan, AL 36303, for up to six (6) months. Defendant's discharge date shall be decided by his treatment staff, probation officer and attorney. Defendant shall abide by all policies and procedures of the Herring Houses. Defendant shall participate in substance abuse and mental health treatment while residing at Herring Houses of Dothan. Furthermore, during his time at the Herring Houses, defendant shall remain on home confinement with Active GPS and remote alcohol monitoring. Defendant shall remain subject to all other conditions of supervised release.

Upon release from Herring Houses of Dothan, the defendant shall participate in the Location Monitoring Program and shall comply with the conditions of home detention, which will be monitored by a location monitoring system (Active GPS), for six (6) months. However, the defendant's term of home confinement may be reduced by his probation officer if defendant maintains compliance with his conditions of release. The defendant shall wear a location monitoring device and follow the monitoring procedures specified by his probation officer. The defendant shall pay all cost of the program based on his ability to pay as determined by the U. S. Probation Officer. The defendant's location monitoring will begin upon his release from incarceration and shall apply to his home or treatment center where he resides. However, upon completion of his home confinement term, the defendant shall continue to wear the GPS tracker and be subject to location restrictions for the entire term of his supervision.

The defendant shall not enter places where the sale of alcoholic beverages is the primary source of revenue (i.e. bars, taverns or nightclubs).

The defendant shall not enter nor be on any part of Ft. Rucker, AL, except for medical purposes only. All trips to Ft. Rucker, AL, shall be approved in advance by his probation officer. Furthermore, the defendant shall contact Ft. Rucker personnel when he needs to enter for medical appointments or needs.

The defendant shall pay the balance of any fine due in this case, immediately. Any balance which remains unpaid at the commencement of supervision shall be paid in monthly installments of not less than $50.00 to commence within the first 60 days of supervision.